

FILED
JUL 27 2011
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| LLOYD SCOTT MAIER | ) | CV 11-52-M-DWM |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| CRAIG THOMAS, MIKE MAHONEY, BRENT LIGHT, MARK MOZER, and CASCADE COUNTY, | ) | |
| Defendants. | ) | |

Plaintiff, Lloyd Scott Maier, filed a complaint alleging Defendants violated his rights under the Fourth and Eighth Amendments to the United States Constitution. Maier is a state prisoner proceeding pro se. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on May 17, 2011, recommending the Court dismiss Maier's complaint for failure to state a claim upon which relief may be granted. Maier timely objected.

A party filing such objections is entitled to do novo review of the "specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A party objecting to the findings or recommendations of a magistrate judge must identify the parts of the magistrate's disposition that the party finds objectionable and present argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result. It is not sufficient for the objecting party to merely repeat arguments already made before the magistrate or discuss issues collateral to the magistrate's findings. See Hagberg v. Astrue, 2009 WL 3386595 at *1 (D. Mont. 2009) ("There is no benefit if the district court[] is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate."). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Maier's complaint asserts he was denied clemency hearings based on false information contained in his criminal history and prison records. His claims were construed as a clemency due process claim and a custody reduction due process claim.

Judge Lynch concluded that Maier's § 1983 action relating to his criminal history was barred by the Heck doctrine because Maier has not alleged his

sentence was revoked, declared invalid, expunged, or called into question. See Heck v. Humphrey, 512 U.S. 477, 486–487 (1994). In his objections, Maier presents no evidence or law that casts doubt on Judge Lynch's conclusion that Maier's claims regarding false criminal history are barred. I also agree that Maier's claims are barred by the statute of limitations. Maier knew or should have known of the alleged inaccuracies in 1996, and there is no excuse for the delayed filing.

Judge Lynch was also correct in his conclusion that Defendant Mark Mozer is afforded quasi-judicial immunity. Mr. Mozer performed functions integral to the judicial process, and the law affords him immunity here. See Burkes v. Callion, 433 F.2d 318, 319 (9th Cir. 1970).

Maier's objection that he has a liberty interest that supports a due process claim also fails. Maier's objections allege no new facts that make any hardship he suffers "atypical and significant." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). He complains that his hardship was suffering "an extremely angry frame of mind." Maier alleges his mental state eventually landed him in administrative segregation. Maier has not alleged facts that compare to the conditions in Wilkinson v. Austin, 545 U.S. 209 (2005). Therefore, he is unable to establish a liberty interest.

I find no clear error in Judge Lynch's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt # 4)) are adopted in full. The Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to close this matter and to enter judgment pursuant to Federal Rule of Civil Procedure 58.

The Clerk of Court is further directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Maier failed to state a claim upon which relief may be granted.

The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Defendants are entitled to judgment and no reasonable person could suppose an appeal would have merit.

Dated this 27th day of July, 2011.

Donald W. Molloy, District Judge
United States District Court